Chauncy F. Schultz *et al.*, Respondents, v. Joseph Tatum, Appellant.

### St. Louis Court of Appeals, March 19, 1889.

Statute of Frauds: PERFORMANCE NOT WITHIN A YEAR. A contract, whereby the defendant undertook to guaranty the plaintiffs against the payment to a loan association of more than a certain fixed amount in the aggregate—to be divided into stipulated installments—upon a mortgage of real estate purchased by the plaintiffs from the defendant, which installments were not to be paid up within a period much longer than twelve months, so that the guaranty could not, in the nature of things, be performed within twelve months after the making thereof, is within the statute of frauds, and cannot be enforced unless properly evidenced by a writing.

*Appeal from the St. Louis City Circuit Court.*—Hon. William H. Horner, Judge.

Reversed and remanded.

*F. J. Donovan*, for the appellant.

The letter of Fisher should have been excluded. No authority shown to make contract for appellant. "Real estate agent," so called, has no general powers,

such as broker by the law-merchant. *Barnard v. Duncan*, 38 Mo. 170; *Stewart v. Wood*, 63 Mo. 252; 2 Kent Com. * 511. Memorandum made and signed by third party, only, is not sufficient. *Welch v. Darling*, 7 At. Rep. (Vt.) 547. The letter is too indefinite and uncertain. *Whaley v. Hinchman*, 22 Mo. App. 483; *King v. Wood*, 7 Mo. 389; *Ivory v. Murphy*, 36 Mo. 541; *Springer v. Kleinsorge*, 83 Mo. 153; Browne Stat. Frauds, sec. 385; *Barten v. Patrick*, S. C. Neb., 31 N. W. Rep. 370; *Martin v. Halley*, 61 Mo. 196. The alleged contract of "assurance and guaranty,"— adopting the language of the petition,—and the relief sought, are within the statute of frauds; the contract not being reduced to writing, nor to be performed within one year. R. S., sec. 2513. Full effect should be given to the statute. *Delventhal v. Jones*, 53 Mo. 460, at 463. Equity only interferes to prevent gross fraud; will not interfere where there was no fraud, no deception. Browne St. Fr., sec. 439. No misrepresentations, no fraud, are charged, or even attempted to be proved. So, no action at law could be maintained as for false representations. *Bank v. Sells*, 3 Mo. App. 85; *Bailey v. Smock*, 61 Mo. 213. Should plaintiffs argue that the appellant agreed to give bond to reimburse, such agreement is also void: "An oral agreement to put in writing a contract, which will require more than a year to perform, is within the prohibition of the statute." Browne St. Fr., sec. 282a. A verbal agreement to give a mortgage is void by statute of frauds. Thomas, Mort. 20; 3 Powell, Mort. 1050, b. c.; Herman, Mort. 195, 196; 4 Kent Com. (12 Ed.) * 151, 451, n. l.; 2 Spence Eq., * 777; 2 Story Eq., sec. 1238; Browne St. Fr., sec. 267; *Irvin v. Hubbard*, 49 Ind. 350. Payment of purchase money is not sufficient to take the case out of the statute. Browne, secs. 454, 455, 461; *Parke v. Leewright*, 20 Mo. 85; *Galway v. Shields*, 1 Mo. App. 546; s. c., 66 Mo. 314; *Lydick v. Holland*, 83 Mo. 703. This

last case holds that performance of the ancillary contract, also, is insufficient. Performance must be complete, not partial, and to be wholly performed within one year. *Atwood v. Fox*, 30 Mo. 499; *Sharp v. Rhiel*, 55 Mo. 97. Must be inconsistent with any other supposable contract than the one alleged. Performance by plaintiff must unequivocally prove alleged contract. *Sitton v. Shipp*, 65 Mo. 297; Browne St. Fr., sec. 457; Fry Spec. Performance, sec. 413.

*Phillips & Stewart*, for the respondents.

The original contract was in writing, and is contained in a deed from Tatum to respondents and in a letter from Fisher & Co. to Schultz, dated May 15, 1877, in the following words: "Tatum agrees to sell for $8500 (no interest) and guarantee that there will be no more. This he agreed to do to-day. This, judge, is the best we can get him to do. I called at your place to-day and did not find you in. Truly yours, FISHER & Co." The letters of Fisher & Co. were competent testimony to show what the contract was, for the appellant admits that Fisher & Co. were his agents and that he adopted and acted upon the contract which they had made, so that he ratified their acts, even if he did not originally authorize them. Neither the contract, or rather contracts, between the parties or any of them, nor the relief sought are within the statute of frauds. R. S. 1879, ch. 35, p. 420. The guarantee agreed to be given in such written contract was given by placing the two notes in Fisher's hands as security for the respondents, and this is an action to enforce that security.

ROMBAUER, P. J., delivered the opinion of the court.

As the questions presented by this appeal are in great part dependent for their solution on the fact, what relief, if any, the plaintiffs are entitled to under their petition, we set out in full the substantial parts of the pleadings.

The suit is of an equitable nature, seeking an injunction restraining the negotiation of certain notes executed by the plaintiffs, and praying for their surrender and cancellation, and the plaintiffs' petition states in substance the following facts :

In May, 1877, the defendant entered into a contract with plaintiffs whereby he agreed to sell certain real estate in the city of St. Louis to them for the sum of eighty-five hundred dollars.  Of this sum the plaintiffs paid defendant fifteen hundred dollars in cash, and agreed to pay fifteen hundred dollars in three installments of five hundred dollars each, payable in six, twelve and eighteen months after date, and the balance to the Lafayette Mutual Savings Association, according to the terms of a loan made of said association by the defendant, which loan was a lien upon the property conveyed.

The defendant guaranteed at the time that the loan would be fully paid off and discharged in four years from date of contract, in which event he was to have three hundred and fifty dollars in addition to the fifteen hundred dollars deferred payment, provided the amount paid by plaintiffs to the building association, in extinguishment of said loan, should be, including the three thousand dollars paid and to be paid as above, at least three hundred and fifty dollars less than the aggregate purchase price of eighty-five hundred dollars.

For the deferred 'payments of fifteen hundred dollars the plaintiffs executed three notes, one for $520.40, payable in six months, one for $540.40, payable in one year, and one for $560.40 payable in eighteen months, and also one note for three hundred and fifty dollars, payable four years after date, all payable to the order of the defendant, such notes being secured by a deed of trust on the property conveyed.  It was part of said contract, that eight shares in the building association, held by defendant, were to be transferred to the plaintiffs, and that plaintiffs should pay on such shares

the monthly installments amounting to $106.66, the defendant agreeing that such monthly installments would pay off the defendant's loan from said association in less than four years after date of contract, and executing a bond with security that this would be done.

The defendant failed to execute this bond, and in lieu thereof the two notes last above mentioned were deposited with one Fisher to secure the plaintiffs against loss or damage by reason of having to pay more for said property than the sum of eighty-five hundred dollars.

The petition then recites that the plaintiffs have already paid more than the sum of eighty-five hundred dollars in this, to-wit: That they paid to defendant in cash, and by paying the first two deferred payments, twenty-five hundred dollars, and to the building association $6,932.90, making a total of $9,432.90, and will still be required to pay further sums to said building association, amounting to several hundred dollars more; that the defendant is insolvent, and that plaintiffs in equity and good conscience are entitled to have the two notes still in the hands of Fisher to be delivered up to them and cancelled, and their property conveyed to them by the defendant as above, released from the lien of the deed of trust which they executed to secure the deferred payments, and are also entitled to a judgment over against Tatum for the excess over eighty-five hundred dollars already paid by them. The petition asks for relief accordingly.

The defendant's answer denies the contract as stated. It states the bargain made as follows: The plaintiffs were to pay one thousand dollars cash and fifteen hundred dollars in deferred payments and assume the incumbrance of the building association. If the stock in said association, which was transferred by the defendant, should not work out until after the lapse of four years, then the defendant should repay to plaintiffs such sum as should be due on such loan after the

lapse of four years, not exceeding five hundred dollars, for which sum the defendant was to give a bond with security, and, until he gave such bond, Fisher was to remain the custodian of the note for $560.40. The defendant tendered to plaintiffs such bond, and they refused to accept it. The note for three hundred and fifty dollars was left with Fisher to secure the plaintiffs against a small judgment lien on the property conveyed, which judgment has since been satisfied. The answer further states that neither the agreement upon which this action is brought nor any memorandum or note thereof are in writing, signed by the defendant, or any person by him thereto authorized.

The court upon hearing made a decree, against the defendant and Fisher, ordering the surrender of the two notes for cancellation, and decreeing the satisfaction of the deed of trust executed by the plaintiffs to defendant to secure said notes. The defendant's appeal is prosecuted from this decree.

The exceptions preserved in the defendant's motion for new trial, and assigned for error here, are, that the court admitted illegal evidence, and that its finding is against the evidence and the law.

The record before us consists of what purports to be a bill of exceptions, eked out by subsequent stipulations of counsel, to the effect that certain original letters called for but not set out in full in the bill of exceptions as well as the stenographer's report of the evidence may be used in this court as part of the record. The stipulation concludes as follows :

" It is therefore hereby stipulated and agreed, by and between the counsel for the appellants and respondents, that said stenographer's transcript of the testimony taken in said cause, and said original letters may be filed in this cause in this court as an amendment to and correction of the bill of exceptions in said cause, in this court, and shall have the same force and effect, and

may be used in like manner, and in all respects as if said testimony, and said letters had been made a part of the bill of exceptions in said cause, in said circuit court, before the same was signed and sealed, and made a part of the record by the judge of said court, and as though the same had been fully copied into the transcript of the record of said cause, which was filed in this court on the twentieth day of September, 1884, without prejudice to the appellant because of the prolixity of this form of stating testimony."

As this stipulation is not in contravention of anything contained in the bill of exceptions proper, and the testimony referred to therein is a mere amplified recital of the testimony actually offered, and made a part of the bill of exceptions, we see no reason why such testimony should not be used and considered by us if necessary in the determination of any questions involved herein. There is nothing in the stipulation in contradiction of the bill of exceptions.

The defendant's answer sets up the statute of frauds. The bill of exceptions begins with the following recital: "The plaintiff by counsel admitted that the agreement or contract set out in the petition was not in writing but verbal. The defendant thereupon objected to the introduction of any evidence thereof, but the court overruled the objection and the defendant then and there duly excepted to this action of the court."

The statements in the plaintiff's petition are exceedingly vague and unsatisfactory. The petition nowhere recites what the mortgage of the building association was, and by what process the eight shares transferred by the defendant to plaintiffs were to pay out or pay off that loan inside of four years, at a certain rate of monthly installments, or why the computation of that matter was not fully within reach of both parties at the time, or wherein there was any fraud on part of

the defendant, or any mutual mistake of the parties to make the case one of equitable cognizance. Nor does the petition contain any averment that the plaintiffs were under legal obligation to pay to the building asso-ciation the sum of $6,932.90, which they claim to have paid, or that such sum was the aggregate of the monthly installments which the plaintiffs have agreed to pay on the shares transferred. All these matters are left to mere surmise. Nor is there anything in the defendant's answer to help out or supplement the plaintiffs' petition. Hence regardless of other errors, the decree could not be supported, because the plaintiffs' petition fails to state a cause of action. We make these observations in view of a possible retrial of the cause, although the point is not raised by any assignment of error. But we are further of opinion, that the contract, as stated in the plaintiffs' petition is clearly within that part of the statute of frauds which provides that "no action shall be brought * * * upon any agreement that is not to be performed within one year from the making thereof, unless the agreement upon which the action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person by him thereto lawfully authorized."

Giving the allegations in plaintiffs' petition the most liberal construction in their favor, of which they will admit, they state in substance the following: "That the defendant agreed to execute a bond to save the plaintiffs harmless against paying for the property bought, more than eighty-five hundred dollars on account of the unascertained extent of the lien of the building association on said property. That he failed to execute such bond, but left in lieu thereof the two notes in Fisher's hands. That the plaintiffs have already paid more than eighty-five hundred dollars on account of said property ( whether bound to do so or

not, does not appear), and are therefore entitled to a cancellation of the two notes, and the deed of trust securing them.

It is needless to inquire, whether or not, conceding the truth of the premises stated, a conclusion could be drawn from them warranting the relief awarded, or whether plaintiffs may by a fuller statement of the facts show themselves entitled to equitable relief. It suffices to say that it appears from the allegations of the petition, as well as from the statements of the answer, that the agreement to save the plaintiffs harmless, upon which in any view of the case, the action is founded, could not in the very nature of things be performed within one year from the making thereof, and hence such agreement is clearly within the statute of frauds.

When, therefore, upon the trial the plaintiffs admitted that the agreement or contract set out in the petition was not in writing, they necessarily stated themselves out of court, and the court erred in admitting any oral evidence against defendant's objection in support of the agreement.

Reversed and remanded. All the judges concur.